[849 NYS2d 176]

In the Matter of MARK MARCUS, an Attorney, Resignor.

Second Department, January 22, 2008

**APPEARANCES OF COUNSEL**

*Mark Marcus,* Maspeth, resignor pro se.

*Diana Maxfield Kearse,* Brooklyn (*Sharon Gursen Ades* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

Mark Marcus has submitted an affidavit dated August 11, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Marcus was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 19, 1969.

Mr. Marcus avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Marcus acknowledges that the Grievance Committee is currently investigating five complaints of professional misconduct against him concerning, inter alia, allegations of failure to satisfy judgments, failure to safeguard client funds, keeping an IOLA account checkbook in an unlocked desk in an unlocked office when he was out of that office for long periods of time, and failure to reregister with the Office of Court Administration for three registration periods. He acknowledges an inability to successfully defend himself on the merits against these charges.

Mr. Marcus has submitted his resignation subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of this Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that Mark Marcus's proffered resignation appears to conform to the requirements of 22 NYCRR 691.9 and recommends its acceptance.

Inasmuch as the resignation comports with appropriate court rules, it is accepted and, effective immediately, Mark Marcus is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., CRANE, MASTRO, MILLER and COVELLO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark Marcus is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mark Marcus shall promptly comply with this Court's rules governing the conduct of disbarred, suspended,

and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark Marcus is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Mark Marcus, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).